IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DOROTHY R. WILLIAMS                                                                         PLAINTIFF

      v.                Civil No. 07-5118

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Dorothy Williams, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for period of disability and disability insurance benefits ("DIB") pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 416(i) and 423. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**Procedural Background**

The plaintiff filed her application for DIB on , May 14, 1999, alleging an amended onset date of October 23, 1997, due to chronic fatigue syndrome ("CFS"); exhaustion; muscle pain and weakness; multiple chemical sensitivities; sensitivity to light, smells, temperature, and sound; headaches; dizziness; and, a reduced ability to concentrate. (Tr. 56-58, 94). An administrative hearing was held on June 15, 2000. (Tr. 318-346). In August 2000, the ALJ rendered an unfavorable decision. However, on May 11, 2004, the Appeals Council remanded the case for further proceedings. A supplemental hearing was then held on March 21, 2005. (Tr. 354-413). Plaintiff was present and represented by counsel.

At this time, plaintiff was 47 years old and possessed a Master's degree in education. (Tr. 95, 100, 369). Records indicate that she had past work experience ("PRW") as a teacher, adult instructor, educational consultant, and teacher's aide. (Tr. 24).

On May 2, 2005, the Administrative Law Judge ("ALJ") entered a written opinion concluding that plaintiff's chronic fatigue syndrome constituted a severe impairment, but that her impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4, prior to March 1, 2001. (Tr. 24). After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform light level work limited by her ability to sit for one hour at a time, need to stand/walk at 10-minute intervals, need to alternate positions as needed, and ability to occasionally perform postural activities such as pushing and pulling. With the assistance of a vocational expert, the ALJ then determined that plaintiff could return to her PRW as a teacher, adult instructor, educational consultant, and teacher's aide, as these positions did not require the performance of work-related activities precluded by her RFC. (Tr. 24).

The plaintiff then requested a review of the hearing by the Appeals Council, which denied that request on May 14, 2007. (Tr. 9-12). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 3, 4).

**Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

3

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**Discussion**

At the onset, we note that this is a DIB case. As such, the plaintiff has the burden of proving that a disabling condition existed before her insured status expired. *See Pyland v. Apfel*, 149 F.3d 873, 876 (8th Cir. 1998). Plaintiff was last insured for DIB as of June 30, 2003. (Tr. 61). Thus, the relevant time period in this case is from October 23, 1997, her alleged onset date, through June 30, 2003, the date she was last insured for DIB.

The Administration has promulgated internal operating instructions to guide its employees in the resolution of DIB cases involving a CFS diagnosis. In their Program Operations Manual System ("POMS") and Social Security Ruling 99-2p, the Administration makes the following statement:

> Under the [Center's for Disease Control's] definition, the hallmark of CFS is the presence of clinically evaluated, persistent or relapsing chronic fatigue that is of new or definite onset (i.e., has not been lifelong), cannot be explained by another physical or mental disorder, is not the result of ongoing exertion, is not substantially alleviated by rest, and results in substantial reduction in previous levels of occupational, educational, social, or personal activities. Additionally, the current CDC definition of CFS requires the concurrence of 4 or more of the following symptoms, all of which must have persisted or recurred during 6 or more consecutive months of illness and must not have pre-dated the fatigue:

> •Self-reported impairment in short-term memory or concentration severe enough to cause substantial reduction in previous levels of occupational, educational, social, or personal activities;
> •Sore throat;
> •Tender cervical or axillary lymph nodes;
> •Muscle pain;
> •Multi-joint pain without joint swelling or redness;
> •Headaches of a new type, pattern, or severity;
> •Unrefreshing sleep; and
> •Postexertional malaise lasting more than 24 hours.
>
> Within these parameters, an individual with CFS can also exhibit a wide range of other manifestations, such as muscle weakness, swollen underarm (axillary) glands, sleep disturbances, visual difficulties (trouble focusing or severe photosensitivity), orthostatic intolerance (e.g., lightheadedness or increased fatigue with prolonged standing), other neurocognitive problems (e.g., difficulty comprehending and processing information), fainting, dizziness, and mental problems (e.g., depression, irritability, anxiety).

*See* Program Operations Manual System ("POMS") § DI 24515.075, *at* https://secure.ssa.gov

According to the POMS, as well as the Social Security Ruling, the adjudicator is required to carefully consider the plaintiff's subjective complaints when making findings about the credibility of the individual's allegations regarding functional limitations or restrictions. The adjudicator should also ask the treating or other medical source(s) to provide information about the extent and duration of an individual's impairment(s), including observations and opinions about how well the individual is able to function, the effects of any treatment, including side effects, and how long the impairment(s) is expected to limit the individual's ability to function. Opinions from the plaintiff's treating doctor(s), "concerning the effects of CFS on the individual's ability to function in a sustained manner in performing work activities or in performing activities of daily living are important in enabling adjudicators to draw conclusions about the severity of the impairment(s) and the individual's RFC. In this regard, any information a medical source is able to provide contrasting the individual's impairment(s) and functional

capacities since the alleged onset of CFS with the individual's status prior to the onset of CFS will be helpful in evaluating the individual's impairment(s) and its functional consequences." *Id*.

In the present case, we note that the record clearly establishes that plaintiff has been diagnosed with CFS with a possible fibromyalgia component, a thyroid goiter, and multiple chemical sensitivities. (Tr. 161, 165-170, 179-184, 229, 234, 238, 240-242, 259, 299). Plaintiff has repeatedly sought treatment for chronic and severe fatigue, multiple myalgias, multiple tender points, headaches, dizziness, insomnia, cold intolerance/fever/chills, frequent upper respiratory symptoms, brain fog, and decreased memory. (Tr. 161, 179-182, 185, 255-262, 279). She has also indicated that periods of activity, such as attending medical appointments, are followed by extended periods of relapse.[1] (Tr. 240). Both treating doctors and plaintiff, alike, have indicated that plaintiff symptoms interfere with her ability to perform activities of daily living. (Tr. 234-235). Plaintiff initially indicated that she could perform a maximum of 1 to 2 hours of activity in the morning and evening. (Tr. 181-182). As her illness progressed, records reveal that plaintiff had decreased her work as a speech therapist to 8 hours per week. (Tr. 185). Plaintiff eventually reported the ability to perform at 80% capacity for only 30 minutes per day, while performing at 50% capacity or less for the remainder of the day. (Tr. 179-180). Further, at least two doctors have indicated that plaintiff is not able to function adequately within either a school or work-related environment. *See Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000)

---

[1] Although plaintiff did report this at the majority of her appointments, Dr. Charman has indicated that he did not document this statement on each occasion. (Tr. 240).

AO72A
(Rev. 8/82)

(holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). (Tr. 170, 234).

The record also indicates that plaintiff has sought treatment from naturopathic doctors, and prefers herbal and natural remedies in lieu of traditional medication. The ALJ uses this to discredit plaintiff. However, he fails to note that the record also reveals that plaintiff has multiple chemical sensitivity and has experienced adverse reactions to medications used to treat CFS, including the Selective Serotonin Reuptake Inhibitors, Zoloft and Paxil. (Tr. 179, 242). *See Bauer v. Shalala*, 53 F.3d 91, 919-920 (8th Cir. 1995) (holding that adverse reactions prevented plaintiff from continuing to take his previously prescribed medication). Accordingly, there is clearly some question as to how plaintiff's chemical sensitivity affects plaintiff's ability to undergo treatment for CFS, we believe that remand is necessary to allow the ALJ to develop the record in this regard.

The ALJ's dismissal of plaintiff's subjective complaints due to her use of naturopathic medicine is also of some concern to the undersigned. Whether the use of herbal and natural remedies is a valid course of treatment for a patient suffering from CFS is not a question that can be answered by the ALJ or this court. It is a medical question, and the literature on the issue makes clear that there is no one universally accepted method of treatment for CFS. As the record does not indicate that plaintiff's medical doctors (M.D.'s) have dissuaded or discouraged plaintiff from continuing with this form of treatment, we believe that the validity of this course of treatment is an issue that should be addressed to plaintiff's treating doctors. *See Tate v. Apfel*, 167 F.3d 1191, 1197 (8th Cir. 1999) (noting that there is no evidence to suggest that plaintiff had not been pursuing a valid course of treatment). Accordingly, we believe that remand is necessary

to allow the ALJ to recontact plaintiff's treating physicians to determine the severity of plaintiff's condition, its impact on her ability to perform activities of daily living, whether her treatment choice is an accepted method of treatment for her illness, and how her chemical sensitivity impacts her ability to undergo treatments for CFS.

We also note that plaintiff's doctor(s) have not prepared RFC assessments. Therefore, on remand, the ALJ is directed to address interrogatories to plaintiff's treating physician(s), asking them to review plaintiff's medical records; to complete an RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

AO72A
(Rev. 8/82)

DATED this 5th day of May 2008.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE